IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| DANNY DAY, | ] | CA NO. 4:04-1683-MJP-TER |
| Plaintiff, | ] | |
| -vs- | ] | |
| | ] | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, | ] | <u>O R D E R</u> |
| | ] | |
| Defendant. | ] | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, codified as amended at 42 U.S.C. § 405(g) in which the plaintiff claims entitlement to Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) based upon his inability to work due to heart disease, open heart surgery, and stent placement. Plaintiff's complaint charges that the findings of fact and conclusions of law as set forth in the Administrative Law Judge's decision are contrary to law and unsupported by substantial evidence. By answer, the Commissioner *inter alia* denied that the Commissioner's determination was unsupported by substantial evidence and prayed for a judgment affirming the Commissioner's decision denying the plaintiff benefits.

Pursuant to local Rule 73.02(B)(2)(a) this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation. Upon review the Magistrate Judge has recommended that the Commissioner's decision denying the plaintiff benefits be reversed under Sentence Four of 42 U.S.C. § 405(g) and remanded to the Commissioner so that the ALJ can provide an explanation for the conflict between the vocational testimony and the Dictionary of Occupational Titles.

The record reflects that the vocational expert cited three occupations that the plaintiff could perform at the sedentary level: assembler, inspector, and nut sorter. The record further reflects that the plaintiff is illiterate. He has a seventh grade education and past relevant work as a farm worker, bagger, car mechanic, heavy equipment operator, laborer, and maintenance laborer. The job of assembler has a reasoning level of two and a language level of two. A language level of two encompasses having a vocabulary of 5000-6000 words, with a reading rate of 190-215 words a minute, and the ability to write compound and complex sentences. DOT, 4th Ed., Vol. II at 733, 734, and 1011. The assembler position accounted for 6300 of the 8500 available openings in the state. Since, the vocational expert failed to explain why she listed this occupation as an example of a position available to an illiterate person when the DOT provides otherwise, the Magistrate suggests that this case be remanded for an explanation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. <u>Mathews v. Weber</u>, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portions of the Magistrate Judge's

recommendation to which specific objection is made, and it may accept, reject, or modify, in whole or in part, the recommendations made by the Magistrate Judge.

Neither party has objected to the Magistrate Judge's recommendation. Upon review, the Court approves the recommendation of the Magistrate Judge. The decision of the Commissioner is hereby remanded to the Commissioner for further proceedings as outlined in the Report and Recommendation of Magistrate Judge Rogers.

IT IS SO ORDERED.

s/ MATTHEW J. PERRY, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina,
September 29, 2005